## HILLSBOROUGH COUNTY v. MANCHESTER.

Under the original charter of the city of Manchester, providing that all fines and forfeitures, and all costs in criminal prosecutions which shall be received by the justice of the police court, shall be paid over to the city of Manchester ; and such fines are to be held by the city for its use and benefit.

The law of 1851, providing that the police justice of Manchester shall pay over to the city all fines and fees by him received in actions and prosecutions, by or in behalf of the city, prosecuted by the city or the officers thereof, operates to repeal, by implication the provision referred to in the original charter. Therefore under the law of 1851, all fines imposed and received by the police court of that city, other than those in actions and prosecutions, prosecuted by the city, or its officers, belong to the county of Hillsborough.

Under the General Statutes, the fines imposed by the police courts for all but offences against the police of towns, and for the violation of the by-laws of towns, would belong to the counties.

By law of July 3, 1868, the provisions of the General Statutes are modified so that all fines and forfeitures, imposed by the police courts, belong to the respective cities.

In respect to money paid over to the city, for fines and forfeitures imposed by the police court, that belong to the county, the statute of limitation begins to run from the time of such payment without special demand.

ACTION of assumpsit, by Hillsborough County against Manchester, to recover money received by said city for fines and costs imposed by the police court for offences under the statutes of this state.    It is agreed that all fines and costs imposed by said police court, since its organization, for offences under the state laws, except where the respondents were committed to jail for the non-payment thereof, that have been paid over by the justice of said court, have been paid into the city treasury ; and in cases where persons have been committed to jail by order of said court for the non-payment of fines and costs, the county has been at the expense of their board, and that all fines and costs imposed in such cases paid after commitment, have been paid to the county.    The plaintiff claims that all fines imposed by said court for the aforesaid offences are by law payable into the county treasury, and that having been paid to said city, they are now entitled to recover them back, and that the statute of limitations is no bar to their recovery ; while, on the other hand, the defendant claims that under the charter it is entitled to receive and retain all the fines imposed by said police court, and that if the plaintiff is entitled to recover at all, it can only recover such fines as have been received by defendant within six years next before the commencement of this suit.    This case is submitted to the determination of the court, upon the foregoing statement of facts, and if in the opinion of the court the plaintiff is entitled to recover, an auditor is to be appointed to assess the damages, and if in their opinion they are not entitled to recover, judgment is to be rendered for the defendant ; reserving, however, to either party the right to a jury trial without prejudice from anything herein contained, and reserving to the defendant the right to plead specially, and to file a set-off, if he should desire so to do.

*Morrison & Stanley*, for plaintiff.

*Sulloway*, for defendant.

BELLOWS, C. J.    The great question here is upon the construction of the various statutes relating to the subject of fines and penalties.

By the Revised Statutes, ch.    21, § 13, all fines arising in any manner shall be for the use of the county, and shall be paid over to the treasurer thereof, unless otherwise specially appropriated ; and by chapter 222, sect. 11, it is provided that every justice shall pay over to the town or county, to which any fine or forfeiture accrues, every such fine or forfeiture by him received within six months after the receipt of the same.    The same provisions are found in the Compiled Statutes, ch.    224, § 13, and ch. 237, § 11.    By the General Statutes, ch. 250, § 7, it is provided that all fines imposed

by any court for any offence, except for offences against the police of towns, or for vioation of the by-laws of towns, or where other provision is specially made, shall be for the use of the county, and shall be paid only to officers authorized to receive the same for the use of the county.

Under each of these statutes, many of the fines imposed by police courts would be for the use of the county, unless otherwise provided by the charters of the cities in which the police courts exist; and this makes it necessary to examine the charter of the city of Manchester, and the modifications subsequently made. By the original act passed July 10, 1846, a police court for that city is established, with the jurisdiction of justices of the peace, in both civil and criminal causes, and the provision that no writ in a civil suit, or warrant in a criminal proceeding, shall be returnable before any justice of the peace within that city, but to the police court only; and it is thus provided that "all fines and forfeitures, and all costs in criminal prosecutions which shall be received by, or paid into the hands of the justice of said court, shall be by him accounted for and paid over to the city of Manchester, in the same manner, and under the same penalties for neglect, as are by law prescribed in the case of justices of the peace."

The practical construction given to this law from the beginning was that all fines and costs received by the police court should be paid over to the city, and so it appears to have been done; and it is intimated by defendant's counsel that these fines are given to the city in consideration that the full salary of the police justice, being $500, was to be paid by the city. It seems, also, to have been assumed in *Potter* v. *Norris*, 26 N. H. 330, that the fees in such cases, by the charter, belong to the city; and so it is in the *City of Manchester* v. *Potter*, 30 N. H. 409, 414, where it is said *arguendo* that it would be unreasonable to require the county to pay the fees, because the city, and not the county, receives not only the fines and forfeitures, but the costs also, in all successful prosecutions. In the charters of several other cities, similar provisions are found, and, so far as we have learned, all fines have been paid to the respective cities and retained by them.

Under the provisions of the original charter, we are inclined to think that all the fines received by the police justice were to be paid to the city for its use; and it becomes necessary to consider the effect of the law of 1851. That law provides that the police justice may hold the office and perform the duties of clerk of that court; it reduces his salary to $300 per annum, and provides that this salary shall be in full for *all* services by him performed for the city, and of *all* fees in actions and prosecutions prosecuted by said city or the officers thereof, for which the said city would otherwise be responsible; and also provides that the said justice shall account for and pay over to the city treasurer, as now provided by law, all fines and fees by him received in actions and prosecutions, by or in behalf of said city, as aforesaid, and shall be entitled to retain to his own use

the fees by him received, or receivable in all other cases; and sec. 3 repeals all acts and parts of acts inconsistent with this act.

The inquiry then is, whether this act repeals that provision in the original charter, which requires all fines and forfeitures, and costs in criminal prosecutions, received by the police justice, to be paid over to the city of Manchester.

The difference between the two provisions is this: The original charter requires all fines and costs received by the police justice to be paid to the city; while the law of June, 1851, requires to be paid to the city, only such fines and fees as are received in actions and prosecutions by or in behalf of the city, and authorizes him to retain to his own use the fees received in all other cases.

The law of 1851 requires the payment to the city of the fines and fees in a part only of the cases covered by the original act, and authorizes the police justice to retain to his own use the fees received in all the other cases; although by the former law, he was required to pay them, also, to the city.

The question then is, was it designed to revise the whole subject of the former provision and make the new law a substitute for it? If not, why the provision that the police justice should pay over to the city the fines and fees received in actions and prosecutions by or in behalf of such city? For the original provision embraced those fines and fees, and all others as well. Of course, this part of the new law was wholly unnecessary, if the original provision was to stand. It is urged on the other hand, that the absence of express terms of repeal is entitled to great weight against the repeal; and it is undoubtedly true that the law does not favor a repeal by implication.

We think, however, that it must have been the intention of the legislature to substitute the provisions of the law of 1851 for the provisions of the original charter. And that being the case, the provisions of the original charter on that subject are by implication repealed. When a subsequent statute revises the whole subject-matter of a former one, and is clearly designed to be a substitute for it, the former law is repealed by implication, although no express terms to that effect be used. *State* v. *Otis*, 41 N. H. 76, and cases cited; *State* v. *Wilson*, 43 N. H. 419, and cases cited. In the former law the police justice was required to pay over to the city all fines by him imposed; in the law of 1851, he was required to pay over only the fines imposed in actions and prosecutions by or in behalf of the city; and we think that by fair interpretation, all other fines are excluded.

The result is, that the county is entitled to recover all fines, received by the city and imposed by the police court in actions and prosecutions other than those prosecuted by or in behalf of the city, since the law of 1851; except such as are afforded by the statute of limitations, subject to some modifications by the General Statutes, which took effect January 1, 1868. By those statutes, ch. 250 § 7, it is enacted that " all fines imposed by any court for any offence except for offences against the police of towns, or for violation of the

by-laws of towns, or where other provision is specially made, shall be for the use of the county. This must be regarded as a repeal of those provisions in the charters of cities which direct all fines imposed by police courts to be paid into the city treasury, unless those provisions are included in the exceptions in the General Statutes, as a provision specially made for the appropriation of fines.

It is apparent, we think, from this provision of the General Statutes, with others in the same chapter, that the legislature intended that fines for police offences, or for the violation of the by-laws of towns, should be for the use of those towns, and that all other fines should as a general thing be for the use of the county. This distinction is shown by the provisions of section eleven of the same chapter, which authorize the selectmen to discharge from prison any person convicted of an offence against the police of towns or against any by-law of a town, and made the town liable for prison charges, in case of the prisoner's inability. By section 13 of chapter 44, it is provided that all fines and forfeitures for the violation of any by-law, or ordinance of a city, shall be recovered by complaint before the police court of said city, and shall enure to such uses as the city council may direct.

In these provisions we have a revision of the whole subject of the appropriation of fines, although we fail to find any *direct* appropriations of fines for police offences, and upon general principles the existing provisions in the charters of cities would be regarded as repealed by implication. The law of July 3, 1868, however, recognizes these charter provisions as still in force, and gives a construction to them. It enacts that the charters of the several cities of this state, so far as they relate to the disposition of the fines and forfeitures imposed by the police courts of said cities, shall be construed to mean that said fines and forfeitures imposed by said police courts, shall belong to the respective cities.

This, we think, must be regarded as an expression of the will of the legislature, that all fines imposed by the police court shall belong to the respective cities, and to some extent must modify the provisions of the General Statutes. Under those, we think, that the fines for all but offences against the police of towns, and for violations of the by-laws of towns, would go to the county, unless a different provision is specially made; and we do not think that the provisions of the existing charters of cities could have been contemplated as coming within that exception. In fact, those provisions must have been regarded as repealed, as upon general principles they were.

Our conclusion, therefore, is, that plaintiff is entitled to recover of the city the amount of all fines paid into its treasury by the police court, imposed by it in actions and prosecutions other than those prosecuted by or in behalf of the city, since the law of June 26, 1851, took effect, and up to January 1, 1868, when the General Statutes went into operation, except so far as the claims may be barred by the statute of limitations; and, also, to recover for all fines imposed by the police court for offences other than those against

the police of towns, or for violation of the by-laws of towns, or unless provision is specially made between January 1, 1868, and July 3, 1868, and which fines have been paid to the city of Manchester. It being understood that the changes in the law on January 1, 1868, and July 3, 1868, would not affect the appropriation of the fines in proceedings pending at either of those dates.

The remaining question is, whether the statute of limitations can properly apply in this case. For aught we can see, the relation between the county and the city, in respect to money, is not such as to require a demand to enable the county to bring a suit for it; but it is the ordinary case of money in the hands of the city, which belongs to the county. There is nothing about it of a fiduciary character that would imply a consent to the retention of the money; neither is this a case where the claim is uncertain in its nature, and the facts are more peculiarly within the knowledge of the plaintiff. On the contrary, the city is presumed to know that the money belongs to the county; and it is its duty at once to pay it over. *Wentworth* v. *Gove*, 43 N. H. 160; *Hicks* v. *Burns*, 38 N. H. 141, 150; *Watson* v. *Walker* 23 N. H. 471.

It is a general rule that, on the common money counts in assumpsit, it is not necessary to prove a special demand. *Cross* v. *Bell*, 34 N..H. 82. That case was to recover back money paid by the plaintiff for illegal interest, and it was held that no demand was necessary.

In *Watson* v. *Walker*, before cited, it is laid down that when an obligation to pay is complete, a cause of action at once arises, and no formal demand is necessary. See page 493 of that case, and authorities cited. Tested by these principles, we think no demand was necessary; and that a cause of action arose when the money was received.

An auditor therefore should be appointed to assess the damages.

*Case discharged.*